In re ETGEN.

(Supreme Court, Appellate Division, First Department. October 27, 1911.)

TRUSTS (§ 166*) — QUALIFICATION AND TENURE OF TRUSTEES — REMOVAL — GROUNDS.

Testator by will created a trust for the benefit of his widow and his three daughters, with remainders over, and appointed the widow, a daughter, defendant, and another as executors of and trustees under his will. Defendant, who had been the confidential clerk and business adviser of the deceased, retained his position with a partnership in which the estate had a large interest, and opposed the action of the other trustees in asserting certain claims against the partnership, and he also opposed payment for the services of accountants engaged by the other trustees, and objected to certain investments proposed to be made by them; and the widow, by petition supported by the affidavits of the other trustees and of all the beneficiaries, and in a proceeding in which certain infant remaindermen were represented by a guardian ad litem, asked the removal of the defendant as trustee, though there were no charges of dishonesty or incapacity. *Held* that, in view of the inconsistency between defendant's relations to the trust estate and to his employers, the lack of harmony existing between the other trustees and himself, and the wish of the adult beneficiaries that he should resign, he would be removed, and a new trustee substituted.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. § 217; Dec. Dig. § 166.*]

Appeal from Special Term, New York County.

Petition by Cora L. Burgess, executrix and trustee under the will of William H. Burgess, deceased, for the removal of Julius Etgen as trustee under the will of the deceased. From an order removing him from his office of trustee, defendant Etgen appeals. Affirmed.

The following is the opinion of Bischoff, J., in the court below:

It appears from the papers submitted upon this application that actual accord among these four trustees in the management of the trust estate is impossible. They certainly cannot be compelled to a state of harmony by order of the court, and it is clear that if they are required to act together the estate will probably suffer. Joint control of a trust estate by persons in continued dissension is not a condition to be favored, and to obtain harmony substitution appears to be the only course. The question is simply as to the choice of the person or persons to be removed. Three of the trustees, with the approval of all the life beneficiaries, pray for the removal of the fourth, the respondent, Mr. Etgen. Unquestionably Mr. Etgen is qualified to perform the duties of a trustee, and nothing is, or apparently can be, suggested to assail his personal probity. To obtain the desired harmony of relation, however, the other three trustees must be removed if he is not, and the court cannot properly adopt such a course, in disregard of the choice of all the beneficiaries, unless that choice is to be considered as clearly ill-advised. There is, in my view, no actual ground for a determination suggested by the respondent's papers that the majority of the trustees and the beneficiaries desire his

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

removal in aid of a purpose to risk the capital of the estate by an authorized investment at a high interest rate. In the disputes upon the question of investments it may well be held that the majority of the trustees were wrong, and that Mr. Etgen was right; but the attitude of the majority was based upon the assumption that the life beneficiaries, having power to appoint the whole remainder by the will, which power they had exercised, had control of the policy of investment. In this they were mistaken; but, being so advised, there appears to be no question for the court's assuming that they will persist in the policy condemned.

As is suggested by the affidavit of the guardian ad litem for the contingent remaindermen, the matter is mainly one of the personnel of the trustee to be substituted. A business man of experience, not identified in interest with the life beneficiaries, may, of course, be chosen, who will fully protect the remainder interests; and the circumstances certainly do not compel the retention of one particular trustee, whose continuance as one of the four present trustees must result in avoidable discord. The friction appears to have first arisen through the fact that Mr. Etgen was employed by the firm of which the testator had been a member, and continued in that employment while seeking to perform the duties of executor under this will, one of which duties was to enforce the just claims of the estate as against the surviving partners. An inconsistency of relation thus arose, due to no fault of the present moving parties, but leading naturally to criticism, and in the end to sharp discord. The exercise of the court's discretion favorably to the application appears to be called for by the circumstances (Quackenboss v. Southwick, 41 N. Y. 117; Deraismes v. Dunham, 22 Hun, 86; Pyle v. Pyle, 137 App. Div. 568, 122 N. Y. Supp. 256; Id., 199 N. Y. 538, 92 N. E. 1099), but the substitution of a new trustee in no way involves the court's disapproval of the respondent's acts as trustee, nor the slightest criticism of his motives. The case is one where the substitution must be ordered, having regard to the better administration of the trusts by all the trustees, and the court is not concerned with the actual quarrel of the parties. It suffices to say that the trustees as constituted cannot agree. All the parties presently interested in the estate request a substitution, and the remainder interests will be adequately protected by the substitution of a trustee, with respect to whose qualifications the court, before making the appointment, is to be advised by the guardian representing those interests.

Motion granted, and substitution of trustee directed as indicated.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and DOWLING, JJ.

B. G. Paskus, for appellant.
A. H. Joline, for respondent.

PER CURIAM. Order affirmed, with $10 costs and disbursements, on opinion of Bischoff, J., at Special Term.